# EXHIBIT 1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TARIQ Y. KHAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-3661** |
| | § | |
| **VALERO REFINING – TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED

Pursuant to Southern District of Texas Local Rule 81, the following is an index of matters being filed:

| | |
|---|---|
| **Exhibit 1** | A. Index of Matters Being Filed |
| | B. State Court Docket Sheet |
| | C. Plaintiff's Original Petition |
| | D. Civil Case Information Sheet |
| | E. Civil Process Request Form |
| | F. Citation Corporate and Affidavit of Service |
| | G. Defendant's Original Answer and Affirmative and Other Defenses |
| | H. List of All Counsel of Record |
| **Exhibit 2** | State Court Notification of Removal |

The state court has not signed any orders.

# EXHIBIT B

**Harris County Docket Sheet**

# 2017-66654

**COURT:** 113th

**FILED DATE:** 10/6/2017

**CASE TYPE:** Discrimination



### KHAN, TARIQ Y

Attorney: COSTEA, PETER

**vs.**

### VALERO REFINING - TEXAS LP

Attorney: CLARK, SHAUNA JOHNSON

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

HCDistrictclerk.com     KHAN, TARIQ Y vs. VALERO REFINING - TEXAS LP          12/1/2017
                        Cause: 201766654     CDI: 7     Court: 113

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | |
|---|---|---|
| File Date | 10/6/2017 | |
| Case (Cause) Location | Civil Intake 1st Floor | |
| Case (Cause) Status | Active - Civil | |
| Case (Cause) Type | DISCRIMINATION | |
| Next/Last Setting Date | N/A | |
| Jury Fee Paid Date | 10/9/2017 | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| Court | 113th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686113 |
| JudgeName | MICHAEL LANDRUM |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| KHAN, TARIQ Y | PLAINTIFF - CIVIL | | COSTEA, PETER |
| VALERO REFINING - TEXAS LP | DEFENDANT - CIVIL | | CLARK, SHAUNA JOHNSON |
| VALERO REFINING - TEXAS LP (A CORPORATION) | REGISTERED AGENT | | |
| 1999 BRYAN STREET SUITE 900, DALLAS, TX 75201 | | | |

## INACTIVE PARTIES
No inactive parties found.

## ENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 11/21/2017 | ANSWER ORIGINAL PETITION | | | 0 | | CLARK, SHAUNA JOHNSON | VALERO REFINING - TEXAS LP |
| 10/6/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/6/2017 | ORIGINAL PETITION | | | 0 | | COSTEA, PETER | KHAN, TARIQ Y |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | VALERO REFINING - TEXAS LP (A CORPORATION) | 10/16/2017 | 10/18/2017 | 11/1/2017 | | | 73425231 | MAIL TO ATTORNEY |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| restricted | Valero Refining- Texas LP's Original Answer and Affirmative and Other Defenses | | 11/21/2017 | 5 |
| restricted | Citation Corporate, Affidavit of Service | | 11/15/2017 | 4 |
| restricted | Civil Process Request Form | | 10/16/2017 | 2 |
| restricted | Plaintiff's Original Petition | | 10/06/2017 | 8 |
| -> restricted | Civil Case Information Sheet | | 10/06/2017 | 1 |

# EXHIBIT C

10/6/2017 7:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19926754
By: Nelson Cuero
Filed: 10/6/2017 7:47 PM

# 2017-66654 / Court: 113

Cause Nr.: _____

| | | |
|---|---|---|
| TARIQ Y. KHAN, | S | IN THE DISTRICT COURT |
| Plaintiff | S | |
| | S | |
| v. | S | HARRIS COUNTY, TEXAS |
| | S | |
| VALERO REFINING - TEXAS, L.P., | S | |
| Defendant | S | _____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE STATE DISTRICT JUDGE:

COMES NOW, TARIQ Y. KHAN, Plaintiff, and complains of VALERO REFINING - TEXAS, LP, Defendant, as follows:

### I.

### PARTIES

Plaintiff Tariq Y. Khan is an individual residing in Harris County, Texas.

Defendant Valero Refining - Texas, L.P., is a corporation with its main place of business in the State of Texas and may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### II.

### VENUE

Venue of this action is proper in Harris County, Texas because the parties to this lawsuit transact business in Harris County, Texas, the actions, events, and transactions which gave rise to the causes of action alleged herein took place in Harris County, Texas, and the causes of action alleged herein also accrued in Harris County, Texas.

### III.

### NATURE OF THE LAWSUIT

This is a lawsuit involving race and national origin discrimination, as well as unlawful retaliation, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq., as amended. It is also a case for age discrimination which is brought

Page 2

pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, 29 USC Section
621 et seq., as amended.

Defendant Valero Refining - Texas, L.P. has employed at least fifteen (15) or more
employees for each working day in each of twenty (20) or more calendar days in the current or
preceding calendar year and, therefore, is an "employer" under 42 USC Section 2000e(a).
Additionally, because it has employed at least twenty (20) employees during the same period of
time, it also is an "employer" under 29 USC Section 630(b).

IV.

## FACTS

Plaintiff Khan is an individual whose racial identity is Asian and whose national origin is
Pakistani. He was born in 1954.

Defendant is an oil and gas company which extracts and refines oil. It hired the Plaintiff
in January 1989 as an Instrument Technician. At all times relevant, he worked for Defendant in
Harris County, Texas. He is still employed by the Defendant in the same position. Throughout
his employment with the Defendant, Plaintiff's performance either met or exceeded expectations.
He never caused any disciplinary, behavioral or attendance problems for Defendant's
management.

In August 2013 Defendant posted an opening for the position of Superintendent of
Maintenance. Plaintiff was qualified for this position and applied for it. Of the applicants, six (6)
were selected for interviews. Plaintiff was one of them. Half of the applicants who were
interviewed for the position were minorities.

Plaintiff was interviewed by a panel of four (4) employees of the Defendant, Ron Cox,
Superintendent, K.C. Murray, Maintenance Manager, Brian Cann, Maintenance Director, and
Ginger Glass, HR Representative. All four are White, US-born, and significantly younger than
the Plaintiff. They selected for the job Robert Smith, a significantly younger, White persons of
US-national origin. Smith was not qualified for the job. Plaintiff was. In fact, Plaintiff was

Page 3

exceedingly well qualified for the job and his qualifications for the position exceeded by far Smith's qualifications.

Following the selection process, Plaintiff met with his immediate supervisor and with K.C. Murray and complained that company procedures and policies were not followed in the selection process. The answer they provided to the Plaintiff was unsatisfactory and, therefore, Plaintiff requested a second meeting to discuss his concerns, this time with Brian Cann and Linda Gudat-Cordova, Defendant's Human Resources Manager. This meeting occurred on November 14, 2013. Plaintiff complained to both of them that he was passed over for the promotion to Maintenance Supervisor based on discriminatory reasons. Gudat-Cordova assured the Plaintiff that she would investigate his discrimination concerns and would·contact him with her findings. However, she never did.

Another Pakistani employee made a similar complaint to Defendant's Human Resources Department and was told Defendant was not obligated to follow the qualifications outlined in the job posting.

Based on Plaintiff's knowledge, the majority of management staff at his location were White employees.

Following these events, on August 15, 2014 Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission claiming race discrimination, national origin discrimination, age discrimination, and retaliation.

Subsequently, Defendant retaliated against the Plaintiff on a continuous basis by making the terms and conditions of his employment more onerous than before and depriving him of enhanced earning opportunities. Specifically, Defendant denied Plaintiff the opportunity to work on projects which entailed overtime work and overtime pay. This caused the Plaintiff significant monetary loss in addition to the monetary loss caused by the denial of promotion.

Since the retaliation continued even while the EEOC was investigating Plaintiff's August 15, 2014 charge of discrimination, Plaintiff amended that charge on March 16, 2016 and claimed

Page 4

additional retaliation and that the retaliation was a continuing action.

The EEOC continued to investigate Plaintiff's charge and on July 18, 2017 it issued the Plaintiff a right to sue thereby allowing him to pursue his claims against Defendant in court. Plaintiff filed this action within ninety (90) days of his receipt of the right to sue from the EEOC.

V.

## PLAINTIFF'S CAUSE OF ACTION FOR RACE AND/OR NATIONAL ORIGIN DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for race and/or national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his race and national origin, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his race and/or national origin. Plaintiff's race and/or national origin were each a motivating factor in the Defendant's decision to deny the Plaintiff the position of Maintenance Superintendent, as well as lucrative projects and overtime work.

This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VI.

## PLAINTIFF'S CAUSE OF ACTION FOR AGE DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for age discrimination under the Age Discrimination in Employment Act of 1967, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his age, a member of a

Page 5

protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his age. Plaintiff's age was a but-for motivating factor in the Defendant's decision to deny the Plaintiff the position of Maintenance Superintendent, as well as lucrative projects and overtime work.

This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff. Moreover, Defendant's age-based discrimination against the Plaintiff was willful and, therefore, Plaintiff moves the court for the imposition of liquidated damages.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VII.

PLAINTIFF'S CAUSE OF ACTION FOR UNLAWFUL RETALIATION - TITLE VII

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for retaliation under Title VII of the Civil Rights Act of 1964, as amended. At all times relevant to this lawsuit Plaintiff was a member of a protected class because he repeatedly engaged in activities protected by the law. He complained to the Defendant about discriminatory conduct directed against him. He also complained of discrimination and retaliation by the Defendant through the Equal Employment Opportunity Commission when filing complaints of discrimination and retaliation on August 15, 2014 and on March 16, 2016.

As a proximate result of such repeated opposition to Defendant's discriminatory and retaliatory conduct Defendant retaliated against the Plaintiff on a continuous basis. The retaliatory actions Defendant took against the Plaintiff consisted of the following, and included, without limitation, Defendant's decision to deny him the position of Maintenance Superintendent, as well as lucrative projects and overtime work.

These retaliatory actions are the proximate cause of both economic and mental damages suffered by the Plaintiff.

Page 6

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

## VIII.

### PLAINTIFF'S CAUSE OF ACTION FOR UNLAWFUL RETALIATION - ADEA

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for retaliation under the Age Discrimination in Employment Act of 1967, as amended.

At all times relevant to this lawsuit Plaintiff was a member of a protected class because he repeatedly engaged in activities protected by the law. He complained to the Defendant about discriminatory conduct directed against him. He also complained of discrimination and retaliation by the Defendant through the Equal Employment Opportunity Commission when filing complaints of discrimination and retaliation on August 15, 2014 and on March 16, 2016.

As a proximate result of such repeated opposition to Defendant's discriminatory and retaliatory conduct Defendant retaliated against the Plaintiff on a continuous basis. The retaliatory actions Defendant took against the Plaintiff consisted of the following, and included, without limitation, Defendant's decision to deny him the position of Maintenance Superintendent, as well as lucrative projects and overtime work.

These retaliatory actions are the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

## IX.

### REQUEST FOR JURY

Plaintiff hereby requests a trial by jury and tenders the jury fee.

## X.

### DAMAGES

Page 7

Plaintiff is now suffering and will continue to suffer irreparable injury, monetary, actual, consequential, and compensatory damages as a result of Defendant's wrongful actions unless and until this court grants relief.

Moreover, Defendant's actions against the Plaintiff were done maliciously or with reckless disregard for his rights. As such Plaintiff moves the court to allow exemplary damages against the Defendant.

### XI.

### CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure all conditions precedent to Plaintiff's right to recover damages against the Defendant recited herein have occurred or have been performed.

### XII.

### REASONABLE AND NECESSARY ATTORNEY'S FEES

Defendant's refusal to abide by its obligations has made it necessary for the Plaintiff to employ the undersigned attorney to file this lawsuit. As such, Plaintiff requests the court to award a reasonable fee for the attorney's services rendered and to be rendered herein under both customary and statutory law.

### XIII.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tariq Y. Khan requests that Defendant Valero Refining - Texas LP be cited to appear and answer and that on final trial Plaintiff be granted relief as follows:

1.      Judgment against the Defendant in an amount in excess of the minimum jurisdictional limits of this court;

2.      Judgment declaring that the actions and practices described herein violate Title VII of the Civil Rights Act of 1964, as amended;

Page 8

3.      Judgment declaring that the actions and practices described herein violate the Age Discrimination in Employment Act of 1967, as amended;

4.      Judgment declaring that the actions and practices described herein constitute a willful violation of the Age Discrimination in Employment Act of 1967, as amended;

5.      Judgment enjoining and permanently restraining these violations;

6.      Instatement to the position Defendant denied the Plaintiff;

7.      An award of actual, consequential, liquidated, and compensatory damages on all counts;

8.      An award of punitive damages on all counts;

9.      Costs of suit and reasonable attorney's fees;

10.     Prejudgment and postjudgment interest as provided by law; and

11.     Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

                    Respectfully submitted,

                    BY:    //ss// *peter costea*

                    Peter Costea
                    TBN 04855900
                    4544 Post Oak Place, Suite 250
                    Houston, Texas 77027
                    Tel. 713-337-4304
                    Fax 713-237-0401
                    ATTORNEY FOR PLAINTIFF
                    TARIQ Y. KHAN



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        76929296 Total Pages: 8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT D

CIVIL CASE INFORMATION SHEET

10/6/2017 7:47:35 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19926754
By: CUERO, NELSON
Filed: 10/6/2017 7:47:35 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* 2017-66654 / Court: 113 *(FOR CLERK USE ONLY):*

STYLED TARIQ Y. KHAN V. VALERO REFINING - TEXAS LP

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Peter Costea | Email:<br>peter@costealaw.com | Plaintiff(s)/Petitioner(s):<br><br>Tariq Y. Khan | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:_____ |
| Address:<br>4544 Post Oak Place,<br>Suite 350 | Telephone:<br>713 337 4304 | _____<br>_____ | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, Texas 77027 | Fax:<br>713 237 0401 | Defendant(s)/Respondent(s):<br><br>Valero Refining - Texas LP | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature | State Bar No:<br>04855900 | _____<br>_____<br>[Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br><br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other:_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other:_____ | | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child:<br>_____ |
| **Employment** | | **Other Civil** | | | |
| ☒Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other:_____ | | | |
| **Tax** | | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other:_____ | | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:          76929297 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT E

## CIVIL PROCESS REQUEST FORM

10/14/2017 3:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20071907
By: Rayshana Alexander
Filed: 10/16/2017 12:00 AM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

CASE NUMBER: _____ **201766654**

_____   CURRENT COURT: unknown _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): citation and petition _____

FILE DATE OF MOTION: _____
                                    Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **Valero Refining - Texas LP c/o Registered Agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**_____

   ADDRESS: _____

   AGENT, (if applicable): _____

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
   ☒ MAIL                         ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:  ☐ COURTHOUSE DOOR,  or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain **please mail citation to plaintiff's counsel below**

   **ATTENTION: Effective June1, 2010**

   For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
   Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
   for mail back. Thanks you,

   ***************************************************************************************************

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER -  Authorized Person to Pick-up: _____   Phone: _____
   ☐ MAIL                         ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:  ☐ COURTHOUSE DOOR,  or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

*Certified Document Number: 77019141 - Page 1 of 2*

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                          Rev. 5/7/10

NAME: Peter Costea _____   TEXAS BAR NO./ID NO. 04855900 _____

MAILING ADDRESS: 4544 Post Oak Place, Suite 350, Houston, Texas 77027 _____

PHONE NUMBER: 713 337 4304 _____    FAX NUMBER: 713 237 0401 ____

_____   _____
       area code         phone number                    area code       fax number

EMAIL ADDRESS: _____

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                  (specify)
    MOTION TO: _____
                 (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION

Certified Document Number: 77019141 - Page 2 of 2

S:\Forms\Lib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form           Rev. 5/7/10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:          77019141 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT F

11/15/2017 2:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20740848
By: janel gutierrez
Filed: 11/15/2017 2:52 PM

RECEIPT NUMBER _____

TRACKING NUMBER _____ 73425231 MTA

**CAUSE NUMBER**   201766654

PLAINTIFF: KHAN, TARIQ Y

vs.

DEFENDANT: VALERO REFINING - TEXAS LP

In The 113th
Judicial District Court of
Harris County, Texas

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: VALERO REFINING - TEXAS LP (A CORPORATION)
    MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___6th___ day of ___October___ _____ ,20___17___ , in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___18th___ day of
___October___ , 20___17___ .

Issued at request of:
COSTEA, PETER
4544  POST OAK PLACE, SUITE
350
HOUSTON, TX  77027
TEL: (713) 337-4304
Bar Number: 4855900

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: ALEXANDER, RAYSHANA D
FBJ//10799475

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____ , 20_____ , at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ , _____ ,
                                                            (STREET ADDRESS)                        (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____ , at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
                    (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____ .
(REGISTERED AGENT, PRESIDENT, rv VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                     (DESCRIPTION OF PETITION, E.G. "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____ .
                                        (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20____ .

FEE: $_____

By: _____
      (SIGNATURE OF OFFICER)

Printed Name: _____

Affiant Other Than Officer

As Deputy for: _____
                 (IF NEEDED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

Certified Document Number: 77446188 - Page 1 of 4

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of HARRIS**              **113th Judicial District Court**

Case Number: 201766654

Plaintiff:
**TARIQ Y. KHAN**

vs.

Defendant:
**VALERO REFINING - TEXAS, L.P.**

Received these papers on the 1st day of November, 2017 at 12:07 pm to be served on **VALERO REFINING - TEXAS LP BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, DALLAS COUNTY, TX 75201**.

I, Cynthia Kinnamon, being duly sworn, depose and say that on the **1st day of November, 2017** at **12:08 pm, I:**

**DELIVERED VIA CERTIFIED MAIL** a true copy of the **CITATION CORPORATE and PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **VALERO REFINING - TEXAS LP BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM** at the address of: **1999 BRYAN STREET, SUITE 900, DALLAS, DALLAS COUNTY, TX 75201**, in compliance with state statutes.

**Additional Information pertaining to this Service:**
11/1/2017  12:08 pm  Sent via Certified Mail RRR #70171000000106621235
11/13/2017  10:12 am  Green domestic return receipt for  Certified Mail RRR #70171000000106621235 received in our office signed for by Chris Wells on 11/6/17

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 13th day of November, 2017 by the affiant who is personally known to me.

NOTARY PUBLIC

DONNIE DENKINS MORELAND, SR.
Notary Public, State of Texas
My Commission Expires
March 10, 2019

**Cynthia Kinnamon**
SCH 11258 Exp 12/31/2017

Our Job Serial Number: DTI-2017002318

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1i

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) **Chris Wells**   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Valero Refining-Texas, LP<br>C/O CT Corporation<br>System<br><br>1999 Bryan St. Ste 900<br>Dallas, TX 75201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article (Trai  7017 1000 0001 0662 1235 | |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Certified Document Number: 77446188 - Page 4 of 4



UNITED STATES POSTAL SERVICE
DALLAS 750
08 NOV '17

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Duces Tecum Inc**
6201 Bonhomme Road, Suite 388N
Houston, Texas 77036



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:          77446188 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT G

11/21/2017 1:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20855380
By: janel gutierrez
Filed: 11/21/2017 1:02 PM

## CAUSE NO. 2017-66654

| | | |
|---|---|---|
| **TARIQ Y. KHAN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **VALERO REFINING – TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | **113TH JUDICIAL DISTRICT** |

### VALERO REFINING – TEXAS, L.P.'S
### ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Valero Refining – Texas, L.P. ("Valero") files this Original Answer and Affirmative and Other Defenses to Plaintiff's Original Petition.

### I.

The claims asserted against Valero are subject to a valid arbitration agreement. Valero asserts its right to compel arbitration of all claims asserted against it.

### II.
### GENERAL DENIAL

Valero denies each and every allegation in Plaintiff's Original Petition, and enters this general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure. Additionally, Valero demands strict proof of all allegations made by Plaintiff, as required by law. Further, Valero reserves the right to answer in greater particularity reasonably in advance of trial.

### III.
### AFFIRMATIVE AND OTHER DEFENSES

Valero pleads the following affirmative and other defenses, subject to further discovery, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1.      Plaintiff's claims are barred because he failed to exhaust contractual or arbitration remedies.

2.      Plaintiff's Original Petition fails, in whole or in part, to state a cause of action against Valero upon which relief can be granted.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

4.      Subject to further discovery, Plaintiff's claims are barred because Plaintiff has not fulfilled all conditions precedent to the institution of this lawsuit and administrative prerequisites.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the Charge(s) of Discrimination he filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD").

6.      Plaintiff's claims are barred because any actions Valero took in regard to Plaintiff were based on reasonable factors other than his age, national origin, race, protected activity, or any other alleged protected status held by Plaintiff; were made in good faith and for good cause and without malice; were essential and necessary to the operation of Valero's business; and were at all times motivated solely and required by legitimate, non-discriminatory, and non-retaliatory reasons.

7.      All actions taken by Valero with respect to Plaintiff were justified, in good faith, and without malice.

8.      Plaintiff's claims are barred because Valero acted, at all times, reasonably, in good faith, and with a legitimate, non-discriminatory, and non-retaliatory purpose, and Valero

2

would have taken the same actions regardless of any age, national origin, race, protected activity, or any other alleged protected status held by Plaintiff.

9.      Valero denies the allegations in Plaintiff's Original Petition. However, Valero affirmatively pleads that it has in place anti-discrimination and anti-retaliation policies, which include a complaint procedure to prevent and/or correct any alleged discrimination, retaliation, or other unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

10.     Valero denies the allegations contained in Plaintiff's Original Petition and denies that it engaged in any unlawful conduct. However, Valero affirmatively pleads that, to the extent Plaintiff has alleged any unlawful conduct by it, Valero exercised reasonable care to prevent and properly correct such alleged behavior or conduct.

11.     Subject to further discovery, Valero pleads estoppel, laches, and/or waiver.

12.     Subject to further discovery, Valero asserts that Plaintiff's damages are limited by the doctrine of after-acquired evidence.

13.     To the extent required, Plaintiff failed to mitigate his damages, if any, and Valero is entitled to an offset for any amounts earned or which Plaintiff should have earned.

14.     Plaintiff's own acts or omissions were the sole and/or proximate cause of his alleged damages, if any.

15.     Plaintiff's claims for damages are capped or limited in accordance with applicable law.

16.     Plaintiff's claims for liquidated and/or punitive damages are barred because any alleged discriminatory and/or retaliatory employment decisions were contrary to Valero's good faith efforts to comply with the anti-discrimination and anti-retaliation laws.

Certified Document Number: 77521964 - Page 3 of 5

17.    Plaintiff's claims for liquidated and/or punitive damages are barred because the alleged acts or omissions of Valero fail to rise to the level required to sustain an award of liquidated and/or punitive damages, do not evidence a malicious or reckless indifference to Plaintiff's state protected rights, and are not so wanton or willful as to support an award of liquidated and/or punitive damages.

Valero reserves the right to assert other defenses reasonably in advance of trial.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Valero denies that Plaintiff is entitled to any of the relief that he seeks (if any).  Valero prays that Plaintiff's suit be dismissed and subject to binding arbitration.

Dated: November 21, 2017                        Respectfully submitted,

                                                /s/ Shauna Johnson Clark
                                                Shauna Johnson Clark
                                                State Bar No. 00790977
                                                shauna.clark@nortonrosefulbright.com
                                                Fazila Issa
                                                State Bar No. 24046136
                                                fazila.issa@nortonrosefulbright.com

                                                **NORTON ROSE FULBRIGHT US LLP**
                                                Fulbright Tower
                                                1301 McKinney, Suite 5100
                                                Houston, Texas 77010-3095
                                                Telephone: (713) 651-5151
                                                Facsimile:  (713) 651-5246

                                                **ATTORNEYS FOR DEFENDANT VALERO
                                                REFINING - TEXAS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 21, 2017, I electronically filed the foregoing document using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Peter Costea
LAW OFFICE OF PETER COSTEA
4544 Post Oak Place, Suite 250
Houston, Texas 77027

*/s/ Fazila Issa*
Fazila Issa

Certified Document Number: 77521964 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:          77521964 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TARIQ Y. KHAN,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | §   **Civil Action No. 4:17-cv-3661** |
| | § |
| **VALERO REFINING – TEXAS, L.P.,** | § |
| | § |
| **Defendant.** | § |

**LIST OF ALL COUNSEL OF RECORD**

Pursuant to Southern District of Texas Local Rule 81, the following is a list of all counsel

of record:

| | |
|---|---|
| **Counsel for Plaintiff**<br>**Tariq Y. Khan** | Peter Costea<br>State Bar No. 04855900<br>peter@costealaw.com<br>LAW OFFICE OF PETER COSTEA<br>4544 Post Oak Place, Suite 250<br>Houston, Texas 77027<br>713.337.4304 (telephone)<br>713.237.0401 (facsimile) |
| **Counsel for Defendant**<br>**Valero Refining – Texas, L.P.** | Shauna Johnson Clark<br>State Bar No. 00790977<br>Fed. Id. No. 18235<br>shauna.clark@nortonrosefulbright.com<br>Fazila Issa<br>State Bar No. 24046136<br>Fed. Id. No. 566478<br>fazila.issa@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>1301 McKinney Street, Suite 5100<br>Houston, Texas 77010<br>713.651.5151 (telephone)<br>713.651.5246 (facsimile) |

# EXHIBIT 2

CAUSE NO. 2017-66654

| | | |
|---|---|---|
| **TARIQ Y. KHAN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **VALERO REFINING – TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | **113TH JUDICIAL DISTRICT** |

## DEFENDANT'S NOTIFICATION OF REMOVAL

PLEASE TAKE NOTICE that, on December 1, 2017, Defendant Valero Refining – Texas, L.P. ("Valero") filed its Notice of Removal of the above-entitled action from the 113th Judicial District Court of Harris County, Texas, Cause No. 2017-66654, to the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 4:17-cv-3661. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of that Notice with this Court (attached as Exhibit A), effects the removal of this action, and this Court may proceed no further unless the case is remanded.

Dated:  December 1, 2017

Respectfully submitted,

/s/ Shauna Johnson Clark

Shauna Johnson Clark
State Bar No. 00790977
Fed. Id. No. 18235
shauna.clark@nortonrosefulbright.com

OF COUNSEL:
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

**ATTORNEY IN CHARGE FOR DEFENDANT
VALERO REFINING – TEXAS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2017, I electronically filed the foregoing document using the electronic filing system of the court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Peter Costea
LAW OFFICE OF PETER COSTEA
4544 Post Oak Place, Suite 250
Houston, Texas 77027

/s/ Fazila Issa

Fazila Issa

2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **TARIQ Y. KHAN,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | §     **Civil Action No. 4:17-cv-3661** |
| | § |
| **VALERO REFINING – TEXAS, L.P.,** | § |
| | § |
| **Defendant.** | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Valero Refining – Texas, L.P. ("Valero") files this Notice of Removal of the above-captioned cause from the 113th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and respectfully submits the following grounds for removal:[1]

### I.
### BACKGROUND

1.    On October 6, 2017, Plaintiff filed a civil action, Cause No. 2017-66654, in the 113th Judicial District Court of Harris County, Texas.

2.    On November 6, 2017, Valero was served with Plaintiff's Original Petition. Pursuant to Southern District of Texas Local Rule 81, an index and true and correct copies of all executed process, pleadings, orders signed by the Court (none), the docket sheet, an index of matters being filed, and a list of all counsel of record are attached and incorporated by reference as Exhibit 1.

---

[1] As indicated in Valero's Original Answer and Affirmative and Other Defenses, the claims asserted against Valero are subject to a valid arbitration agreement. Valero asserts its right to compel arbitration of all claims asserted against it.

3.      In this lawsuit, Plaintiff alleges that Valero discriminated against him based on his race and national origin and retaliated against him in violation of Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. *See* Plaintiff's Original Petition at 1-2. Plaintiff further alleges that Valero discriminated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. *See id*.

## II.
### FEDERAL QUESTION JURISDICTION

4.      This Court has subject matter jurisdiction in this case based on federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 and 1441(a).

5.      Federal question jurisdiction has been clearly invoked in this case. In his Original Petition, Plaintiff alleges that Valero discriminated and retaliated against him based on his race and national origin in violation of Title VII and discriminated against him based on his age in violation of the ADEA. *See* Plaintiff's Original Petition at 1-2. In addition, to the extent that Plaintiff alleges state causes of action, this Court has supplemental jurisdiction under 28 U.S.C. §§ 1367(c) and 1441(c).

## III.

### PROCEDURAL ALLEGATIONS

6.      The Southern District of Texas, Houston Division, is the federal district and division that encompasses the 113th Judicial District of Harris County, Texas. *See* 28 U.S.C. § 124(b)(2). This Notice of Removal is filed within 30 days of having been served with Plaintiff's Original Petition and is, therefore, timely filed under 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446.

2

7.     Valero has simultaneously given prompt written notice of the filing of this Notice of Removal to all adverse parties and filed a copy of the Notice of Removal with the 113th Judicial District Court of Harris County, Texas, attached and incorporated by reference as Exhibit 2. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Valero respectfully requests this action be removed from the 113th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  December 1, 2017

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Fed. Id. No. 18235
shauna.clark@nortonrosefulbright.com

OF COUNSEL:
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**ATTORNEY IN CHARGE FOR DEFENDANT**
**VALERO REFINING – TEXAS, L.P.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 1, 2017, I electronically filed the foregoing document using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Peter Costea
LAW OFFICE OF PETER COSTEA
4544 Post Oak Place, Suite 250
Houston, Texas 77027

/s/ *Fazila Issa*
Fazila Issa

4